**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DANIEL RUDDELL, on his own behalf and
on behalf of those similarly situated,

        Plaintiff,

v.                             Case No.  3:14-cv-873-J-34MCR

JAMES L. MANFRE, in his official capacity
as Sheriff of Flagler County Sheriff's Office,

        Defendant.

_____/

## ORDER

    **THIS CAUSE** is before the Court on the Joint Motion for Conditional Certification of

the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, Approval of the

Proposed Notice of Settlement and Preliminary Approval of Collective Action Settlement and

Incorporated Memorandum of Law (Doc. 45; Joint Motion), filed on April 29, 2015.  This is

the parties' second motion seeking the Court's approval of a proposed collective action

settlement.  See Amended Joint Motion for Approval of Settlement and Incorporated

Memorandum of Law (Doc. 34; First Motion), filed March 11, 2015.  On April 10, 2015, the

Court denied the First Motion as premature and set the matter for a hearing to discuss the

appropriate procedures for pursuing a collective action settlement in this case.  See Order

(Doc. 36).  The Magistrate Judge conducted the hearing on April 17, 2015.  See Minute

Entry (Doc. 41; Hearing).  After hearing argument from the parties, the Magistrate Judge

rejected the parties' proposed "all-inclusive" approach to collectively settling this matter, and

instructed the parties to instead utilize the "two-tiered" approach to collective action settlements implemented in <u>Colson v. Cableview Commc'ns of Jacksonville, Inc.</u>, 3:09-cv-850-J-34JRK, ECF No. 128 (M.D. Fla. July 28, 2011) and <u>Hosier v. Mattress Firm, Inc.</u>, 3:10-cv-294-J-32JRK, ECF No. 55 (M.D. Fla. Dec. 29, 2011).  As explained at the Hearing, the parties must first file a motion seeking conditional certification of the collective action.  The motion should also request authorization to provide notice of the proposed settlement to potential members of the collective action.  Once granted, the parties will then issue the notice, and class members will have the opportunity to opt-in and/or object to the proposed settlement.  Following the opt-in period, the parties must seek final certification of the collective action and approval of the settlement.  At that time, the Court will conduct a fairness hearing to determine whether to finally certify the collective action and approve the settlement.

Following the April 17, 2015 Hearing, the parties filed the instant Joint Motion seeking preliminary approval of the settlement, conditional certification of the collective class, appointment of plaintiffs' counsel as class counsel, and approval of the proposed notice, opt-in consent form, and settlement and release form.[1]  <u>See</u> Joint Motion at 13.  As indicated in the Court's April 10, 2015 Order and addressed at the Hearing, to the extent the parties request approval of the collective action settlement, this request is premature and due to be

---

[1] In addition, the parties request that the Court enter the proposed order attached to the Joint Motion. <u>See</u> Joint Motion at 13, Ex. G.  However, Paragraph II.(E)(4) of this Court's Administrative Procedures for Electronic Filing in Civil and Criminal Cases (Administrative Procedures) provides that "[n]o proposed order shall be submitted unless authorized by the Court."  Thus, because the Court did not request a proposed order, the filing of this document is inappropriate.

Bewilderingly, the parties also request that the Court "dismiss the Amended Joint Motion for Approval of Settlement as moot."  <u>See</u> Joint Motion at 3, 13.  However, the Court denied the Amended Joint Motion for Approval of Settlement (Doc. 34) on April 10, 2015.  <u>See</u> Order (Doc. 36).

denied.  <u>See</u> Order (Doc. 36).  Moreover, upon review of the Joint Motion, it appears that the parties complied with the Court's instruction to file a motion for conditional certification in name only.  <u>See</u> Joint Motion at 1, 3, 13.  Although the Joint Motion now includes a statement requesting conditional certification of a collective class and the appointment of Plaintiff's counsel as class counsel, the parties fail to provide any legal authority or analysis in support of this request.  <u>See generally</u> Joint Motion.[2]  Thus, because the parties failed to address the legal requirements for certification of a collective action, the Court finds that the Joint Motion is due to be denied without prejudice to the parties' refiling an appropriate motion.[3]  As the matter is undisputed, such a motion need not contain a lengthy analysis of whether certification is appropriate, but, at a minimum, the parties must set forth the relevant standards and address the factual basis for certifying this case as a collective action.  While the Court recognizes that the parties wish to promptly implement the proposed settlement, continued attempts to short-cut the process only serve to prolong these proceedings unnecessarily.  To the extent the parties remain unclear as to the required procedures, the

---

[2] The Court notes that, prior to the settlement, Plaintiff filed a motion requesting conditional certification of a collective action.  <u>See</u> Plaintiff's Motion to Conditionally Certify FLSA Collective Action and Incorporated Memorandum of Law (Doc. 24; Motion to Certify), filed October 21, 2014.  However, Defendant opposed the Motion to Certify.  <u>Id.</u> at 21.  As such, the Court cannot rely on the Motion to Certify to determine whether certification of a collective action is appropriate at this time because it does not represent the parties' agreement as to the factual basis supporting certification.

[3] In addition, at the April 17, 2015 Hearing, the Magistrate Judge discussed with the parties whether they intend for this case to proceed as both a class action under Rule 23, Federal Rules of Civil Procedure (Rule(s)), and a collective action under the Fair Labor Standards Act (FLSA), given the inclusion of both the FLSA and state law wage claims in the settlement.  The parties indicated that they intend to proceed only as a collective action and would be voluntarily dismissing the state law claim set forth in Count II of the Amended Complaint & Demand for Jury Trial (Doc. 18).  If the parties intend to proceed in the manner discussed, they should address that in the motion.

parties should request a transcript of the April 17, 2015 Hearing so as to ensure future compliance.  In accordance with the foregoing, it is

**ORDERED**:

1.    The Joint Motion for Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, Approval of the Proposed Notice of Settlement and Preliminary Approval of Collective Action Settlement and Incorporated Memorandum of Law (Doc. 45) is **DENIED without prejudice.**

2.    The parties shall have up to and including **June 5, 2015**, to file an amended motion that complies with the Court's instructions.

**DONE AND ORDERED** in Jacksonville, Florida, this 6th day of May, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record