**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DANIEL RUDDELL, on his own behalf and
on behalf of those similarly situated,

            Plaintiff,

v.                                                Case No. 3:14-cv-873-J-34MCR

JAMES L. MANFRE in his official capacity
as Sheriff of FLAGLER COUNTY
SHERIFF'S OFFICE,

            Defendants.
_____

# O R D E R

**THIS CAUSE** is before the Court on the Joint Motion for Final Certification of the Class and Final Approval of the Settlement (Doc. 70; Motion) filed on October 26, 2015. On November 16, 2015, in accordance with the Class Notice (Doc. 52-1), the Court held a hearing on the Motion. See Minute Entry (Doc. 72; Fairness Hearing). The parties request that the Court order final certification of the class and approve the Settlement Agreement and Release of All Claims. See Motion at 7, 17, Ex. A. However, the Court notes that the parties attached to the Motion a version of the Settlement Agreement and Release of All Claims that was executed in April of 2015 (Doc. 70-1; April Settlement). Previously, in a July 29, 2015 hearing with the parties, the Court identified several concerns with the April Settlement, see Minute Entry (Doc. 49), and the parties filed a revised Settlement Agreement and Release of All Claims (Doc. 51-1; Revised Settlement) on August 4, 2015. Based on this Revised Settlement, the Court granted the parties' request for conditional certification of a collective action and authorized the parties to notify the class of the

potential settlement. See Order (Doc. 50); Order (Doc. 52). At the Fairness Hearing, the parties clarified that they seek final approval of the Revised Settlement, and unintentionally attached the prior version of the settlement to the Motion. As such, the Court will construe the Motion as seeking final approval of the Revised Settlement, filed on August 4, 2015, and not the April Settlement mistakenly attached to the Motion. Accordingly, this matter is ripe for review.

**I.      Final Certification**

Prior to approving a class settlement under the FLSA, the Court must determine whether final certification is appropriate. See Burton v. Util. Design, Inc., No. 6:07-cv-1045-Orl-22KRS, 2008 WL 2856983, at *2 (M.D. Fla. July 22, 2008) (citing Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007)); see also Bredbenner v. Liberty Travel, Inc., Case Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at *16-17 (D.N.J. Apr. 8, 2011); McCaffrey v. Mortg. Sources, Corp., No. 08-2660-KHV, 2011 WL 32436, at *2-3 (D. Kan. Jan. 5, 2011) ("When parties settle FLSA claims before the Court has made a final certification ruling, the court must make some final class certification before it can approve a collective action settlement."); Burkholder v. City of Fort Wayne, 750 F. Supp. 2d 990, 993 (N.D. Ind. 2010); Butler v. Am. Cable & Tel., LLC, No. 09 CV 5336, 2011 WL 4729789, at *9 n.7 (N.D. Ill. Oct. 6, 2011); Peterson v. Mortg. Sources, Corp., No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011); Clesceri v. Beach City Investigations & Protective Servs., Inc., No. CV-10-3873-JST (Rzx), 2011 WL 320998, at *3 (C.D. Cal. Jan. 27, 2011).

"The FLSA authorizes collective actions against employers accused of violating the FLSA." See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)). Specifically, 29 U.S.C. § 216(b) provides that "'[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.'" Id. (quoting 29 U.S.C. § 216(b)) (alterations in Morgan). Accordingly, "to maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated." Id. (citing Anderson, 488 F.3d at 952).

A collective action under the FLSA is different from a class action under Rule 23, Federal Rules of Civil Procedure (Rule(s)). See Grayson v. K Mart Corp., 79 F.3d 1086, 1096 n.12 (11th Cir. 1996) ("[I]t is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23 . . . .") (citation omitted). "In a Rule 23 class action, each person who falls within the class definition is considered to be a class member and is bound by the judgment, favorable or unfavorable, unless he has opted out. By contrast, a putative plaintiff must affirmatively opt into a § 216(b) action by filing his written consent with the court in order to be considered a class member and be bound by the outcome of the action." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir. 2001) (internal citations omitted).[1]

The Eleventh Circuit Court of Appeals has "suggested that district courts deciding whether to certify a collective action [under § 216(b)] engage in a two-stage analysis . . . ."

---

[1] Although Grayson and Hipp addressed collective actions under the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 et seq., "that statute incorporates the FLSA's collective action mechanism," and thus the analysis in Grayson and Hipp "applies in both contexts." See Morgan, 551 F.3d at 1259 n.37 (quotation omitted); see also Anderson, 488 F.3d at 952-53 & n.5.

See Anderson, 488 F.3d at 952 (citing Hipp, 252 F.3d at 1218); see also Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 n.2 (11th Cir. 2003) (per curiam).[2]

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims.

Cameron-Grant, 347 F.3d 1240, 1243 n.1 (quoting Hipp, 252 F.3d at 1218).[3]

Resolution of the instant Motion requires application of the second stage of the two-tiered analysis[4]—that is, determination by the Court as to whether the claimants are similarly

---

[2] Although suggested, the two-stage approach is not required, and the district court has discretion in considering class certification. See Hipp, 252 F.3d at 1219. The Court finds the recommended two-stage approach useful in this case.

[3] The two-stage approach endorsed in Hipp was borrowed from the Fifth Circuit's discussion in Mooney v. Aramco Servs. Co., 54 F.3d 1207 (5th Cir. 1995). See Hipp, 252 F.3d at 1218; see also Anderson, 488 F.3d at 952-53. As recognized in Anderson, Mooney has since been overruled in part on other grounds, but the two-stage approach to class certification under § 216(b) remains applicable. See Anderson, 488 F.3d at 952-53 & n. 6.

[4] The Court conditionally certified the class following a hearing on July 29, 2015. See Minute Entry (Doc. 49); Order (Doc. 50). After a series of revisions, the Court approved a class notice, consent form, and release form for distribution to the members of the class on August 14, 2015. See Order (Doc. 52).

situated. See id. At the second stage, a court considers factors "such as: (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant[s] [that] appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations"—the "more legally significant differences appear amongst the opt-ins, the less likely it is that the group of employees is similarly situated." Morgan, 551 F.3d at 1261 (quotation omitted) (alterations in Morgan). Accordingly, "at the second stage, although the FLSA does not require potential class members to hold identical positions, the similarities necessary to maintain a collective action under § 216(b) must extend beyond the mere facts of job duties and pay provisions and encompass the defenses to some extent." Id. at 1261-62 (quotation omitted). Applying the second-stage analysis, the court in Bredbenner found that final certification was appropriate:

> The factual circumstances underlying the claims of each putative class members are very similar, not disparate. Each held the same job, signed the same employment contract, worked overtime during the relevant class period, received overtime pay pursuant to a common formula, and each claims the same relief under the FLSA. The class as a whole is therefore "similarly situated" to the class representatives. Second, the Court cannot envision any individualized defenses that would interfere with final certification. In any case, the concern with individualized defenses is that they may pose case management problems. However, the Court need not account for case management issues because, much like the Rule 23 analysis, the class is being certified for purposes of settlement.

Bredbenner, 2011 WL 1344745, at *17 (internal citations omitted); see also Burkholder, 750 F. Supp. 2d at 994.

In this case, the parties have stipulated to the relevant facts. The class members "were all classified as either hourly paid Road Patrol Deputies or hourly paid Correctional Officers within the defined class period, worked similar hours, and were required to attend

mandatory pre-shift briefings within the defined class period." Motion at 6. The main dispute in this case is whether Plaintiff and the class members were entitled to additional overtime wages as a result of their attendance at these pre-shift briefings, and if so, whether the amount of overtime due was de minimus.[5] Therefore, Defendant would be making the same argument and presenting the same defense against Plaintiff and the class members. The parties have identified, and the Court independently discerns, no individualized defenses weighing against final certification. Additionally, certifying this collective action will eliminate the need for all 123 class members (including Plaintiff)[6] to file individual lawsuits and allow all class members to benefit from the settlement that has been reached on their behalf. In consideration of the foregoing, the Court finds that Plaintiff and those individuals that have opted-in to this action are similarly situated and final certification is appropriate.

**II.     Approval of Settlement**

As FLSA provisions are mandatory, not subject to negotiation or bargaining between employers and employees, and not subject to waiver, Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982), the parties were required to

---

[5] Additional issues include the number of overtime hours each individual class member worked, whether liquidated damages are available, and whether the statute of limitations on these overtime claims is two years or three. See Motion at 10.

[6] The parties assert that 122 of the 155 eligible class members have opted-in and joined the Class. See Motion at 2. At the Fairness Hearing, the Court inquired as to the status of August Anirina, a class member who had submitted a consent to join form prior to the settlement, but did not appear to be included in the parties' final total. See Notice of Filing Notice of Consent to Join (Doc. 9). Plaintiff explained that Anirina had not timely submitted a Release Form, and thus, was not included in the parties' count of class members. However, Plaintiff determined that Anirina did intend to participate in the settlement and the Court granted the parties' Joint Motion to accept Anirina's paperwork as timely as long as it was submitted no later than November 26, 2015. See Minute Entry (Doc. 72). Plaintiff has now obtained Anirina's Release form. See Plaintiff's Notice of Receipt of Settlement Agreement and Release for August Anirina (Doc. 71). As such, Anirina's participation in the settlement brings the total number of class members to 123. See Plaintiff's Notice of Filing Consents to Join (Docs. 53-62, 64-69); Plaintiffs' Notice of Withdrawal of Scott Nance's Consent to Join (Doc. 63).

submit their settlement agreement to the Court for review and did so by attaching it to a previous filing.  See Revised Settlement (Doc. 51-1).

Upon due consideration of the terms of the Revised Settlement,[7] the Court finds that Plaintiff was represented by counsel; that there exists a genuine dispute between the parties; that the amounts agreed upon represent a full and complete settlement of all pending claims; that attorney's fees are encompassed by the agreement; and that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA provisions.[8]  Finding that the Revised Settlement is fair and reasonable, the Revised Settlement is approved.  In light of the foregoing, it is

---

[7]   The Court notes that, under the Revised Settlement, Plaintiff and the class members are not providing Defendant with a general release, but instead are only releasing "any and all Fair Labor Standards Act ('FLSA') wage related claims related to shift briefings and any and all State wage claims related to shift briefings which the Named Plaintiff or any Opt-in Plaintiff may have against Defendant." See Revised Settlement at 5.

[8]   In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents." King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (Oct. 31, 2005)).  As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought.  Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

Additionally, in support of the incentive fee, the parties assert that the named Plaintiff "incurred personal risk" by being the first individual to step forward and pursue his rights, "communicated extensively" with counsel throughout the litigation and settlement, "attended multiple telephone conferences, [and] an all-day mediation" and acted as the "'point person' for many class members through the case." See Motion at 13-14.  In light of the foregoing, the Court finds that the award of an incentive fee to the named Plaintiff is appropriate in this case, particularly since neither Defendant nor any other class member has objected to the settlement. See Su v. Elec. Arts, Inc., No. 6:05-cv-131-Orl-28JGG, 2006 WL 4792780, at *5 (M.D. Fla. Aug. 29, 2006) ("In light of the risks associated with initiating litigation against his former employer and the time and effort spent as the lead plaintiff in this case, the Court finds the incentive fee is fair and reasonable."); see also Plummer v. PJCF, LLC, No. 2:15-cv-37-FtM-38CM, 2015 WL 5952426, at *3 (M.D. Fla. Oct. 13, 2015).

**ORDERED:**

1. The Joint Motion for Final Certification of the Class and Final Approval of the Settlement (Doc. 70), as construed herein, is **GRANTED**.

2. For purposes of satisfying the FLSA, the Revised Settlement Agreement and Release is **APPROVED**.

4. This case is **DISMISSED with prejudice**.

5. Except as set forth in the Revised Settlement Agreement and Release, each party shall bear its own fees and costs.

6. The Clerk of the Court is directed to terminate all previously scheduled deadlines and pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 17th day of November, 2015.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record